

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXX DN
ATTORNEY GENERAL

Honorable Bert Ford
Administrator
Texas Liquor Control Board
Austin, Texas

Opinion No. 0-4898
Re: Under Article 1, Section 44 of
the Texas Liquor Control Act is
the judgment ordering the sale
of a seized vehicle a necessary
part of the judgment of convic-
tion of the defendant, and re-
lated questions?

Dear Sir:

Your letter of October 1, 1942, requesting the opin-
ion of this department on the questions stated therein reads
as follows:

"Article I, Section 44, of the Texas Liquor Con-
trol Act reads as follows:

"'It is further provided that if any wagon,
buggy, automobile, water or air craft, or any
other vehicle is used for the transportation of
any illicit beverage or any equipment designed
to be used for illegal manufacturing of illicit
beverages, or any material of any kind which is
to be used in the manufacturing of illicit bev-
erages, such vehicle together with all such bev-
erages, equipment, or material shall be seized with-
out warrant by any representative of the Board
or any peace officer who shall arrest any person
in charge thereof. Such officer shall at once
proceed against the person arrested and all prin-
cipals, accomplices, and accessories to such un-
lawful act, under the provisions of law, in any
court having competent jurisdiction; but said
vehicle or conveyance shall be returned to the
owner upon execution by him of a good and valid
bond, with sufficient sureties in a sum double
the appraised value of the property, which said

be conditioned to return said property to the
custody of said officer on the day of trial to
abide judgment of the court.  The court upon con-
viction of the person so arrested shall order the
alcoholic beverages disposed of as provided
in this Act, and unless good cause to the contrary
is shown by the owner shall order the sale by pub-
lic auction of the property seized, and the officer
making the sale, after deducting the expenses of
keeping the property, the seizure, and the cost of
the sale, shall pay all liens, according to priori-
ties, which are established by intervention or
otherwise at  said hearing or in other proceedings
brought for said purpose, as being bona fide and
as having been created without the lien or having
any notice that the carrying vehicle was being
used or was to be used for illegal transportation
of liquor and shall pay the balance of the pro-
ceeds to the Board to be allocated as permit fees.
All liens against property sold under this Section
shall be transferred from the property to the pro-
ceeds of its sale.  If, however, no one shall be
found claiming the team, vehicle, water or air craft,
or automobile, the taking of the same, with descrip-
tion thereof, shall be advertised in some newspaper
published in the city or county where taken, or if
there be no newspaper in such city or county, any
newspaper having circulation in the county once a
week for two (2) weeks and by handbills posted in
three (3) public places near the place of seizure,
and if no claimant shall appear with ten (10) days
after the publication of the advertisement, the
property shall be sold and the proceeds after de-
ducting the expenses and costs shall be paid to the
Board to be allocated as permit fees.'

"The provisions of Section 44 above quoted are
not clear as to whether the judgment of the court as
to sale of the seized vehicle must be a part of the
judgment of conviction, and it is further not clear
as to when said judgment of forfeiture should be
entered.  Your valued opinion is requested in res-
ponse to the following questions:

"1.  Is judgment ordering the sale of the seized
vehicle a necessary part of a judgment of conviction
of the defendant?

"2.  If judgment as to sale is not a necessary
part of the judgment of the conviction, then would

a judgment ordering sale be valid if entered at any time during the term of court in which the defendant has been convicted?

"3. If not answered in response to the previous questions submitted, what limitation of time would prevail after conviction as to judgment of forfeiture of the seized vehicle?"

In the first paragraph on page 2 of your letter you inquire as "as to when said judgment of forfeiture should be entered". The proceeding involved in the disposition of the property seized under Article 1, Section 44 of the Texas Liquor Control Act is not a proceeding to forfeit. We direct your attention to the language of the court in the case of Phariss v. Kimbrough 118 S. W. (2d) 661, where the court is referring to the same kind of proceeding as is involved here and says: "The proceeding is therefore not to forfeit; but to enforce the forfeiture that has resulted under the statutes of the conviction of unlawful transportation of intoxicating liquor, in the commission of which offense the automobile was used . . . ."

It will be noted that Article 1, Section 44 of the Texas Liquor Control Act, supra, expressly provides in part: "The court upon conviction of the person so arrested shall order the alcoholic beverages disposed of as provided in this Act and unless good cause to the contrary is shown by the owner, shall order the sale by public auction of the property seized, and the officer making the sale, after deducting the expenses of keeping the property, the seizure, and the cost of the sale, shall pay all liens, according to priorities, which are established by intervention or otherwise at said hearing or in other proceedings brought for said purpose, as being bona fide and as having been created without the lien or having any notice that the carrying vehicle was being used or was to be used for illegal transportation of liquor and shall pay the balance of the proceeds to the Board to be allocated as permit fees. All liens against property sold under this Section shall be transferred from the property to the proceeds of its sale."

We do not think that the order of sale by public auction of the property seized upon conviction of the person so arrested of the criminal offense constitutes any part of a judgment of conviction of the defendant. The Acts which are defined and made criminal offenses under the Texas Liquor Control Act are offenses of a misdemeanor grade.

Article 766 Vernon's Annotated Code of Criminal Pro-

cedure defines the constituents and requirements of a final judgment in felony cases. While the first 8 subdivisions of Article 766, supra, defining the constituents and requirements of a final judgment apply to judgments in misdemeanor cases, subdivisions 9 and 10, requiring the judgment to adjudge the defendant guilty and specify that he be punished as then determined by the jury, do not apply. However, in lieu of subdivisions 9 and 10, Article 783, Vernon's Annotated Code of Criminal Procedure provides: "When the defendant is only fined the judgment shall be that the State of Texas recover of the defendant the amount of such fine and all costs of the prosecution, and that the defendant, if present, be committed to jail until such fine and costs are paid; or if the defendant be not present, that a capias forthwith issue, commanding the sheriff to arrest the defendant and commit him to jail until such fine and costs are paid; also, that execution may issue against the property of such defendant for the amount of such fine and costs."

Article 784, Vernon's Annotated Code of Criminal Procedure provides: "If the punishment is any other than a fine, the judgment shall specify it, and order it enforced by the proper process. It shall also adjudge the costs against the defendant, and order the collection thereof as in other cases."

As above pointed out it will be noted that Article 1, Section 44 of the Texas Liquor Control Act imposes a duty upon the court upon conviction of the person so arrested unless good cause to the contrary is shown by the owner, shall order the sale by a public auction of the property seized. It will be noted that the statute does not specify any time that such order of sale shall be made except upon the conviction of the person arrested.

In view of the foregoing we answer your question as follows: With reference to your first question it is our opinion that the order of sale of the seized vehicle is not a necessary part of the judgment of conviction of the defendant.

In reply to your second question you are advised that it is our opinion that an order of sale of the seized property by the court upon conviction of the person arrested would be valid at any time entered during the term of court in which the defendant has been convicted, provided, the seized property is still in the possession of the court or the seizing officers, "unless good cause to the contrary is shown by the owner." It is our further opinion that the court could enter a valid order of sale of the seized property upon conviction of the person arrested at any term of court, provided, said property still remains in the possession of the court or seizing

officers, "unless good cause to the contrary is shown by the owner."

We think that our answers to your first two questions necessarily answer your third question.

Trusting that the foregoing fully answers your inquiry we are

Yours very truly

ATTORNEY TENERAL OF TEXAS

By s/Ardell Williams
Ardell Williams
Assistant

AW:PO:wc

APPROVED OCT 14, 1942
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman